IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LISABETH SKOCH

        Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION

        Defendant.

Case No. 3:14-cv-00725-MA

ORDER ON ATTORNEY FEES

MARSH, Judge

Plaintiff Lisabeth Skoch brought this action seeking review of the Commissioner's decision to deny her application for supplemental security income disability benefits. In a March 17, 2015 Order, I reversed the Commissioner's decision and remanded the case for further administrative proceedings. Order Remand, ECF No. 21.

Following Plaintiff's unopposed application for Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, I entered an order awarding Plaintiff $5,763.61 in fees in this matter. Order EAJA Fees, ECF No. 24. Additionally, Plaintiff's counsel received $5,909.00 in administrative fees from the Commissioner. Unopposed Appl. Att'y Fees, Ex. A, ECF No. 25-2.

1 - ORDER ON ATTORNEY FEES

On remand, Plaintiff was awarded retroactive benefits. Plaintiff's attorney, George J. Wall, now seeks an award of fees pursuant to 42 U.S.C. § 406(b) in the amount of $24,280.00, less the amounts already received. Defendant has no objection to the request. Unopposed Appl. Att'y Fees at 5, ECF No. 25. For the reasons that follow, Plaintiff's motion is granted.

## STANDARD

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). An award of fees under § 406(b) is paid from claimant's past due benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796-807 (2002). Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Id.*

Under *Gisbrecht*, the court must first examine the contingency fee agreement to determine whether it is within the statutory 25 percent cap. *Id.* at 800. The court also must "'review for reasonableness fees yielded by [contingency fee] agreements.'" *Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) (*en banc*) (quoting *Gisbrecht*, 535 U.S. at 808)). As set forth in *Crawford*, the court must apply the following factors: (1) the character of the representation, (2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in accepting the case. *Id.* at 1151-52.

## DISCUSSION

Here, the terms of the contingent-fee agreement between Plaintiff and Attorney Wall are within the statutory limits of § 406(b). The $24,280.00 in attorney fees Wall seeks amounts to 25 percent of the past due benefits awarded to Plaintiff. *See* Unopposed Appl. Attn'y Fees at 2 & Ex. B, ECF No. 25.

I have reviewed the record in the case, the motion, and the supporting materials including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Applying the standards set by *Crawford*, I find the requested fees reasonable. There is no indication that Attorney Wall was either ineffective or dilatory, and he achieved a favorable result for Plaintiff. Furthermore, the amount of fees requested is not out of proportion to the work performed by Wall, and the benefits are not so large in comparison to the amount of time counsel spent that a reduction of the fees requested is justified.

In short, after applying the *Gisbrecht* factors, as interpreted by *Crawford*, I find that Plaintiff's counsel has demonstrated that a 25 percent fee is reasonable for this case.

Attorney Wall represents that he has received $5,763.61 in fees previously awarded under EAJA. Additionally, Wall represents that he has received $5,909.00 in administrative fees. Accordingly, the requested fees of $24,280.00 under § 406(b) must be reduced by the EAJA and administrative fees. Therefore, the Commissioner is directed to send Plaintiff's attorney $12,697.39 less any applicable processing fees as allowed by statute.

////

////

////

## CONCLUSION

For these reasons, Plaintiff's Unopposed Application for Attorney Fees (ECF No. 25) pursuant to 42 U.S.C. § 406(b) in the amount of $12,697.39 is GRANTED.

IT IS SO ORDERED.

DATED this _20_ day of APRIL, 2017.

/s/ Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge

4 - ORDER ON ATTORNEY FEES